UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES G. CONNELL, III,

    *Plaintiff,*

v.

THE UNITED STATES CENTRAL
INTELLIGENCE AGENCY, *et al.,*

    *Defendants.*

Civil Action No. 21-3065 (JEB)

### DEFENDANTS' PARTIAL MOTION TO DISMISS THE FBI OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT

Defendant, the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, respectfully requests this Court to dismiss it or, alternatively, grant summary judgment in its favor on Plaintiff's claims against it under the Freedom of Information Act ("FOIA"), because the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). And, on the grounds that there are no material facts in dispute and Defendant FBI is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. [1]

---

[1] In the context of partial motions to dismiss, the majority of courts interpreting Rule 12(a)(4) have held that filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion. *See ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11- 01056-PHX-NVW, 2011 WL 6296833 (D. Ariz. Dec. 16, 2011) (even when a pending motion to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); *see also Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (finding that requiring a party to reply to claims not the subject of a partial motion to dismiss would result in a "procedural thicket of piecemeal answers that would poorly serve judicial economy"); *Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts that have considered this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"). Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court,

In support of this motion the Court is referred to the Memorandum of Points and Authorities, a Statement of Material Facts as to Which There Are No Genuine Issues, the declaration of Michael G. Seidel, Section Chief ("SC") of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), (hereinafter, "Seidel Decl.") (Attachment 1 with Exhibits); and a proposed order.

FBI has satisfied its obligations under the Freedom of Information Act, 5 U.S.C. § 552, in response to Plaintiff's request for information. Because this is a dispositive motion, Defendant FBI has not sought Plaintiff's consent before filing. *See* LCvR 7(m).

Dated: Washington, DC
February 15, 2022

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BRIAN HUDAK
Acting Chief, Civil Division

By:   */s/ T. Anthony Quinn*
T. ANTHONY QUINN
D.C. Bar No. 415213
Assistant United States Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
Phone: (202) 252-7558
Fax: (202) 252-2599
Email: tony.quinn2@usdoj.gov

*Counsel for Defendant,*
*The Federal Bureau of Investigation*

---

Defendant does not intend to file an Answer at this time as to the portions of the Complaint not subject to this motion but will do so after resolution of this motion.